UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at COVINGTON**

| | |
|---|---|
| VENETIA M. ROSS, | ) |
| | ) |
|     Plaintiff, | ) Civil Action No. 2:09-cv-177-JMH |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL | )   **MEMORANDUM OPINION AND ORDER** |
| SECURITY | ) |
| | ) |
|     Defendant. | ) |
| | ) |

\*\*    \*\*    \*\*    \*\*    \*\*

Plaintiff asks this Court, by virtue of her Motion to Include in Transcript [Record No. 12], correspondence dated January 4, 2008 and October 4, 2006, which apparently relates to this matter and which was directed to the Appeals Council but which were omitted from the administrative transcript of the matter. These items were attachments to correspondence which is included in the Administrative Record, including decisions and orders from the Appeals Council and federal courts awarding benefits or remanding matters for further proceedings in other cases which are allegedly similar to the one at bar. Defendant Commissioner has responded [Record No. 13], stating his objections to the Motion. For the reasons which follow, Plaintiff's Motion shall be denied.

When reviewing the decision of the Commissioner, the Court reviews a closed administrative record because, under 42 U.S.C. §

405(g), neither party may put additional evidence before the district court.  *See Mathews v. Weber*, 423 U.S. 261, 270 (1976); *Brainerd v. Sec. of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (district court limited to review of record made in administrative hearing process); *Willbanks v. Sec. of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988) (same). Specifically, the Court is confined to the review of evidence that was available to the Administrative Law Judge and to determine whether the Commissioner's decision is, thus, supported by substantial evidence.  *Wyatt v. Sec. of Health and Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992).  If new and material evidence comes to light and Plaintiff has good cause for not having previously presented that evidence in the administrative proceedings, the Court would consider that evidence only to determine whether remand for further consideration would be appropriate in light of that evidence.  *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citing *Cotton v. Sullivan*, 2 F.3d 692, 695-96 (6th Cir. 1993)).

In this matter, the materials with which Plaintiff seeks to supplement the record are not evidence of Plaintiff's alleged disability.  Rather, these items were, if anything, offered as support for Plaintiff's legal argument before the Appeals Counsel. They were aimed at persuading the Appeals Council and are, by extension, aimed at persuading this Court of the propriety of an

award of benefits to Plaintiff, but they afford no evidence of Plaintiff's alleged disability itself. To the extent that Plaintiff wished to use these materials in her efforts to persuade this Court as to the propriety of the Commissioner's decision in this matter, she might have referenced them as persuasive authority or instructive materials in her brief to this Court and attached them thereto in keeping with the Local Rules. There is not, however, any reason to supplement the administrative record to include these items at this time.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Include in Transcript [Record No. 12] is **DENIED**.

This the 16th_day of December, 2010.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge